IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Lathan,<br><br>Petitioner,<br><br>vs.<br><br>Warden John Pate,<br><br>Respondent. | ) | C/A No. 0:14-4487-DCN-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner Michael Lathan, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Lathan was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No.12.) Lathan filed a response in opposition to the respondent's motion. (ECF No. 15.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Lathan's Petition denied.

## BACKGROUND

Lathan was indicted in May 2005 in Colleton County for armed robbery (2004-GS-15-122).[1] (App. at 907-08, ECF No. 11-7 at 204-05.) Lathan was represented by Everett W. Bennett, Jr., Esquire, and on November 7, 2005 was tried before a jury and found guilty as charged. The circuit court sentenced Lathan to twenty years' imprisonment. (App. at 790, ECF No. 11-7 at 87.)

Lathan timely appealed and was represented by Eleanor Duffy Cleary, Esquire, Appellate Defender, who filed an Anders[2] brief on Lathan's behalf that presented the following issue:

> [T]he trial court erred in refusing to suppress Mr. Lathan's statement to police where the state failed to meet its burden of showing by a preponderance of the evidence that the confession was voluntary.

(App. at 795, ECF No. 11-7 at 92.) By order filed October 9, 2008, the South Carolina Court of Appeals dismissed Lathan's appeal. (State v. Lathan, Op. No. 08-UP-549 (S.C. Ct. App. Oct. 9, 2008); App. at 802-03, ECF No. 11-7 at 99-100.) The remittitur was issued on October 27, 2008. (ECF No. 11-9.)

Lathan filed a *pro se* application for post-conviction relief ("PCR") on December 1, 2008 in which he raised the following claims:

---

[1] Lathan was first tried and convicted in January 2005 *in absentia*. This conviction was vacated in March 2005 on jurisdictional grounds due to an alteration that was made to the indictment during the trial of which Lathan did not receive notice. Lathan was re-indicted in May 2005 for armed robbery (2004-GS-15-122). Lathan was present for his September 6, 2005 trial, which resulted in a hung jury. Lathan was tried a third time on November 7, 2005, and found guilty as charged.

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.





(a) Ineffective Assistance of Counsel 6th Amend. U.S. Const.

1. Ineffective assistance of counsel for failing to raise double jeopardy issue.

2. Ineffective assistance of counsel for failing to file motion for the Honorable Perry M. Buckner to disqualify, or recuse himself as trial judge of this case.

3. Ineffective assistance of counsel for failing to file proper motion in order to secure two (2) prior trial transcripts.

4. Counsel was ineffective by failing to object to knowingly false testimony of a State's witness.

5. Trial counsel rendered ineffective assistance in failing to introduce exculpatory evidence in behalf of applicant.

6. Trial counsel rendered constitutionally ineffective assistance by failing to file for Rule 5, SCR Crim. Proc., "discovery" and Brady materials when it was appropriate to do so on behalf of applicant.

7. Counsel rendered constitutionally ineffective assistance when he failed to object to the proffer and admission of identification evidence which violated the United States Supreme Courts' dictates held in Neil v. Biggers concerning tainted I.D. procedures. (See 93 S.Ct 375)

8. Ineffective assistance of counsel by failing to fully advise applicant on right to testify.

9. Ineffective assistance of counsel by failing to thoroughly question applicant's witness on direct examination in order to fully develop the trial record for appellate purposes.

10. Ineffective assistance of counsel by failing to object to Judges' chamber meeting without the presence of the applicant.

11. Ineffective assistance of counsel for failing to make an on-record objection to the alleged "chamber meeting" without the presence of a court reporter in order to preserve claim and argument for appellate review.



PJG

12. Ineffective assistance of counsel for failing to object to inappropriate jury instruction.

13. Ineffective assistance of counsel for failing to make proper argument for distinction between robbery and armed robbery.

14. Ineffective assistance of counsel for failing to subpoena Officer Rolando Williams.

15. Ineffective assistance of appellate counsel for refusing to request all prior trial transcripts in order to properly prepare an effective appeal.

16. Ineffective assistance of appellate counsel for failing to chall[e]nge accuracy of 2nd trial transcript when written correspondence from petitioner conflicted with trial transcript as transcribed by Court Reporter Ronda. T Cumming.

(b) Violation of Due Process 5th & 14th Amend. U.S. Const.

(c) Violation of equal Protection 14th Amend. U.S. Const.

(See Lathan v. State of South Carolina, 08-CP-15-1124; App. at 804-10, ECF No. 11-7 at 101-07) (errors in original). The State filed a return. (App. at 811-15, ECF No. 11-7 at 108-12.) On September 1, 2011, the PCR court held an evidentiary hearing at which Lathan appeared and testified and was represented by J.D. Bryan, Esquire. By order filed October 20, 2011, the PCR court denied and dismissed with prejudice Lathan's PCR application. (App. at 897-906, ECF No. 11-7 at 194-203.)

On appeal, Lathan was represented by David Alexander, Esquire, of the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition for a writ of certiorari that presented the following question:

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders to post-conviction appeals).





> Whether trial counsel provided ineffective assistance in derogation of petitioner's Sixth Amendment right to counsel by failing to move to dismiss the case on double jeopardy grounds?

(ECF No. 11-11.) Lathan filed a *pro se* response to the Johnson petition in which he raised the following issues:

> [1] Whether trial counsel provided ineffective assistance in derogation of petitioner's Sixth Amendment right to counsel by failing to file the proper motion to secure (2) two prior trial transcripts.
>
> [2] Whether trial counsel provided ineffective assistance in derogation of petitioner's Sixth Amendment right to counsel for failing to object to the admission of Identification testimony known to be false.

(ECF No. 11-12.) On July 28, 2014, the South Carolina Court of Appeals issued an order denying Lathan's petition for a writ of certiorari. (ECF No. 11-13.) The remittitur was issued August 13, 2014. (ECF No. 11-14.) This action followed.

## FEDERAL HABEAS ISSUES

A verbatim list of the issues raised in Lathan's federal Petition for a writ of habeas corpus follows:

> **Ground One:** Double Jepordy
> **Supporting Facts:** Indictment improperly altered during 1st trial. Sentence vacated due to improper alteration. Was reindicted on improperly altered indictment. Never stood trial on original indictment, But was tried 3 times on the improperly altered indictment. Counsel would not raise double jepordy issue.
>
> **Ground Two:** Ineffective assistance by failing to file proper motion to secure (2) two prior trial transcripts.
> **Supporting Facts:** Requested 2 prior trail transcripts before 3rd jury trial. Was told by attorney that I was not entitled to a free copy of transcripts until convicted That even though indigent I had to pay a fee of $1,300 dollars for the copies. A cost I had to pay.
>
> **Ground Three:** Ineffective Assistance for failing to object to the admission of Identification testimony know to be false.





> **Supporting Facts:** State allowed in court identification 13 months after robbery took place that was highly suggestive all bank tellers testified they were never given a photo line up or show-up line up anytime prior to first trial. First trial held in absence and was identified as robber by a single photo of defendant.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere





allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d





691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions





in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C. Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice





as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### D. Summary Judgment Motion

#### 1. Procedural Default

The respondent first argues that Grounds One and Three are procedurally barred from federal habeas review. In Ground One, Lathan appears to raise a freestanding claim that the State violated the Double Jeopardy Clause of the Fifth Amendment.[4] In Ground Three, Lathan alleges that trial counsel was ineffective in failing to object to identification testimony known to be false.

Upon review of the record, the court agrees that Ground One, construed as a freestanding claim alleging violation of the Double Jeopardy Clause, and Ground Three are procedurally defaulted. Ground One as a freestanding claim was not raised at trial and therefore was not preserved under state procedural rules for Anders appellate review during Lathan's direct appeal. See Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001, 470 S.E.2d 373 (S.C. 1996) (stating in a civil forfeiture case that the issue of double jeopardy was not preserved for appeal when the appellant did not object on this ground at trial); State v. Williams, 401 S.E.2d 168 (S.C. 1991) (stating that generally issues not raised to and ruled on by the trial court are not preserved for appellate review); see also Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to

---

[4] To the extent that Ground One may be construed as alleging that trial counsel was ineffective in failing to raise the issue of double jeopardy, such a claim is properly exhausted and is addressed below.





give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Additionally, while Ground Three was presented to the South Carolina Court of Appeals in Lathan's *pro se* response to counsel's Johnson Petition, such a claim was not ruled on by the PCR court. Further, there is no indication in the record that Lathan filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law for this allegation. Therefore, even assuming that this ground had been raised in the PCR action, it would not have been preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review."). Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Lathan attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

While the court finds that Grounds One and Three are procedurally defaulted, or barred from federal habeas review, such claims may nonetheless be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d



PJG

239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Lathan's response in opposition to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Accordingly, Lathan's claim of violation of the Double Jeopardy Cause and his claim of ineffective assistance based on trial counsel's failure to object to identification testimony known to be false are procedurally barred from federal habeas review, and the respondent's motion for summary judgment should be granted as to those grounds.

**2. Ineffective Assistance of Trial Counsel**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's





unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Lathan's petition. Therefore, the court will first consider whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state



PJG

court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

In Ground Two, Lathan alleges trial counsel was ineffective in failing to file a motion to secure the two prior trial transcripts for use in his third trial. Further, to the extent that Ground One is construed as raising a claim of ineffective assistance of trial counsel, Lathan appears to allege counsel was ineffective in failing to raise the issue of double jeopardy. In summarizing the testimony presented at the PCR hearing, the PCR court made the following pertinent findings with regard to these allegations:

> Applicant testified that his case was tried three times. In the first trial, he was convicted in his absence, and the conviction was later overturned because the solicitor amended the indictment without presenting it to the Grand Jury. The jury was deadlocked in the second trial. He was convicted at the third trial and thereafter filed this PCR application. Applicant testified that counsel did not raise a double jeopardy issue at the second trial. . . .
>
> . . . He also testified that he was prejudiced because counsel did not get the transcripts from the first and second trials. He asserted that he could not prove false testimony and identification issues without the transcript from the first trial. . . .

(App. at 899-900, ECF No. 11-7 at 196-97.) The PCR court also stated that trial counsel testified that he tried this case three times and "that he did not see any double jeopardy issues because the original conviction was dismissed on jurisdictional grounds." (App. at 900, 901, ECF No. 11-7 at 197, 198.) Further, "[c]ounsel testified that he did not need the transcripts from the two prior trials because the witnesses did not change their statements. He testified that he reviewed all of the witness statements with Applicant." (App. at 901, ECF No. 11-7 at 198.)

In denying and dismissing Lathan's application, the PCR court discussed applicable law, including the Strickland test for claims of ineffective assistance of counsel. The PCR court first found that Lathan's testimony was not credible and that trial counsel's testimony was credible.





(App. at 902, ECF No. 11-7 at 199.) The PCR reasonably observed that trial counsel "is a trial practitioner who has extensive experience in the trial of serious offenses." (App. at 902-03, ECF No. 11-7 at 199-200.) Lathan has failed to challenge these credibility findings and therefore has not provided any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

Further, the PCR court reasonably found that Lathan failed to meet his burden of proof regarding his claims of ineffective assistance of counsel. Specifically, with regard to the claims properly before the court, the PCR court reasonably found that "double jeopardy was not involved when Applicant was tried for the third time. The first conviction was vacated on jurisdictional grounds while the jury was deadlocked after the second trial." (App. at 903, ECF No. 11-7 at 200.) Therefore, the PCR court reasonably found that trial counsel was not deficient in failing to raise this issue. Additionally, with regard to Lathan's allegation that trial counsel was ineffective in failing to order the transcripts from the first and second trial, the PCR court reasonably found that trial counsel "testified that the testimony of the witnesses did not change from their statements to the first trial. He was therefore aware of how the witnesses would testify at trial and did not need the prior trial transcripts." (App. at 904, ECF No. 11-7 at 201.) Therefore, the PCR court reasonably found that "counsel's actions were reasonable and that Applicant was not prejudiced by counsel's failure to order the transcripts." (Id.)



PJG

Thus, the PCR court reasonably concluded that Lathan "failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms" where Lathan "failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant." (App. at 904-05, ECF No. 11-7 at 201-02.) The PCR court further reasonably held that Lathan "failed to prove the second prong of Strickland, specifically that he was prejudiced by counsel's performance." (Id.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Lathan cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Thus, Lathan cannot show "there was no reasonable basis" for the state appellate court to deny relief. Harrington, 562 U.S. at 98. As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101.

In response to the respondent's motion for summary judgment, Lathan reiterates the arguments presented to the PCR court in arguing that his counsel was ineffective in failing to raise the issue of double jeopardy and in failing to obtain the prior transcripts. Lathan argues that where a prosecutor goads the defendant into moving for a mistrial in the first trial a defendant may raise the bar of double jeopardy to a second trial. (See Petr.'s Resp. Opp'n Summ. J., ECF No. 15 at 2) (citing Oregon v. Kennedy, 456 U.S. 667 (1982)). Lathan also continues to assert that he was retried on an improperly altered indictment. However, the circumstances in this case fail to support any

contention that the prosecutor goaded him into moving for a mistrial. Further, "[i]t has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988) (citing United States v. Ball, 163 U.S. 662 (1896) (retrial permissible following reversal of conviction on direct appeal); United States v. Tateo, 377 U.S. 463 (1964) (retrial permissible when conviction declared invalid on collateral attack)). The Double Jeopardy Clause also does not prevent the retrial of a defendant following a mistrial because of a hung jury. See Yeager v. United States, 557 U.S. 110, 118 (2009); Richardson v. United States, 468 U.S. 317, 324 (1984). Further, the record reveals that Lathan's third trial was based on the later May 2005 indictment (2004-GS-15-122). (See App. at 907-08, ECF No. 11-7 at 204-05.) With regard to his allegation that trial counsel was ineffective in failing to obtain his prior trial transcripts, Lathan focuses on his contention that trial counsel should have been able to obtain them for free; however, Lathan fails to refute the PCR court's findings that trial counsel did not need the earlier trial transcripts as the witnesses did not change their testimony.

Upon careful review of the record and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Lathan has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Lathan's arguments fail to demonstrate that any of the PCR court's findings were unreasonable nor have they shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101. Accordingly, the respondent's motion for





summary judgment should be granted as to Lathan's allegations of ineffective assistance of trial counsel in Grounds One and Two.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 10) be granted and Lathan's Petition denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 22, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).